**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AMERITOX, LTD.,

       Plaintiff,

v.                                                    Case No.: 8:11-cv-775-T-24-TBM

MILLENNIUM LABORATORIES, INC.,

       Defendant.

_____/

## ORDER

      This cause comes before the Court on Defendant Millennium Laboratories, Inc.'s

("Millennium") Motion to Dismiss (Doc. No. 20).  Plaintiff Ameritox, Ltd. ("Ameritox") filed a

Response in Opposition (Doc. No. 22), and Millennium filed a Reply (Doc. No. 26).

      In this unfair competition dispute, Millennium moves the Court to dismiss Counts I and

IV pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the Court

grants the motion and dismisses Counts I and IV without prejudice.

**I.**     **Standard of Review**

      In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the

Court must consider whether the complaint satisfies the pleading standard of Federal Rule of

Civil Procedure 8(a)(2).  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must

contain a short and plain statement of the claim showing the pleader is entitled to relief in order

to give the defendant fair notice of what the claim is and the grounds upon which it rests.  *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require a claimant

to set out in detail the facts upon which he bases his claim, "it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true, to state a plausible claim for relief. *Id.* Where a complaint contains well-pleaded facts, if those facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint stops short of plausibility and does not show the plaintiff is entitled to relief. *Id.* at 1950. Furthermore, while a court must assume that all of the factual allegations in the complaint are true, this assumption is inapplicable to legal conclusions. *Id.* at 1949. The door to discovery will not open for a plaintiff "armed with nothing more than conclusions." *Id.* at 1950.

## II.   Analysis

In its Amended Complaint, Ameritox asserts four counts against Millennium. (Doc. No. 15). In Count I, Ameritox alleges that Millennium has engaged in false advertising in violation of the Lanham Act, 15 U.S.C. § 1125. (Doc. No. 15, ¶ 50.) In Counts II and III, Ameritox alleges that Millennium violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* (*See* Doc. No. 15, ¶¶ 57–59, 67–69.) In Count IV, Ameritox submits that Millennium has engaged in unfair competition. (Doc. No. 15, ¶ 78.) Millennium moves the Court to dismiss Counts I and IV. (Doc. No. 20, ¶ 2.)

### A.   Count I: False Advertising

Millennium argues the Court should dismiss Ameritox's claim for false advertising under the Lanham Act because Ameritox "does not allege sufficiently a false or misleading advertisement that has materially deceived, or had the tendency to materially deceive,

customers." (Doc. No. 20 at 6).  Under the Lanham Act, 15 U.S.C. § 1125(a), to state a claim for

false advertising, a plaintiff must allege:

> (1) the advertisements of the opposing party are false or misleading
> as to the party's own product o[r] another's; (2) the advertisements
> actually deceived customers or had the tendency to deceive a
> substantial portion of the targeted audience; (3) the deception is
> material, meaning it is likely to influence purchasing decisions; (4)
> the defendant's advertised products traveled in interstate commerce;
> and (5) the plaintiff has been or is likely to be injured as a result of
> the false or misleading advertisements by [causally] related declining
> sales or loss of goodwill.

*Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314, 1324 (M.D. Fla.

2007) (citing *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260–61 (11th Cir. 2004)).

Millennium makes a number of arguments that it contends support dismissal of Ameritox's false

advertising claim.

### 1.   Whether Ameritox Sufficiently Alleged that the Millennium Billing Letter is Commercial Advertising or Promotion?

First, Millennium contends that the Millennium Billing Letter is not actionable under the

Lanham Act because it is not commercial advertising or promotion.  (Doc. No. 20 at 6).  "'To be

actionable under the Lanham Act, the speech at issue must be commercial in nature.'"  *VG*

*Innovations, Inc. v. Minsurg Corp.*, 2011 WL 1466181 at *5 (M.D. Fla. Apr. 18, 2011) (quoting

*Futuristic Fences, Inc. v. Illusion Fence, Corp.*, 558 F. Supp. 2d 1270, 1279 (S.D. Fla. 2008)).

Speech constitutes commercial advertising or promotion when it is:

> (1) commercial speech; (2) by a defendant who is in commercial
> competition with plaintiff; (3) for the purpose of influencing
> consumers to buy defendant's goods or services. While the
> representations need not be made in a "classical advertising
> campaign," but may consist instead of more informal types of
> "promotion," the representations (4) must be disseminated

sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

*Id.* (quoting *Gordon & Breach Science Publishers, S.A. v. Am. Institute of Physics*, 859 F. Supp. 1521, 1535–36 (S.D.N.Y. 1994)).

Millennium argues that Ameritox failed to allege dissemination to the relevant purchasing public because "the relevant purchasing public consists of referring medical providers/physicians, [and] the Millennium Billing Letter, according to Ameritox's own allegations, is directed to patients." (Doc. No. 20 at 8). In response, Ameritox argues that the Billing Letter was "widely distributed to both medical providers and their patients," and that patients and health care providers are both part of the relevant purchasing public. (Doc. No. 22 at 5, 6–7).

"The requisite level of circulation and the relevant purchasing public will vary according to the industry." *VG Innovations, Inc.*, 2011 WL 1466181 at *6. However, the plaintiff must allege both (1) who comprises the relevant purchasing public and (2) how many consumers within the relevant purchasing public received the advertisement. *See Minsurg Int'l, Inc. v. Frontier Devices, Inc.*, 2011 WL 1326863 at *4 (M.D. Fla. Apr. 6, 2011) (dismissing a false advertising claim because plaintiff failed to allege "to whom the false advertisements were made" and "the alleged breadth of the dissemination"); *VG Innovations, Inc.*, 2011 WL 1466181 at *6 (refusing to dismiss a false advertising claim because the plaintiff alleged that the false advertisements were made to its customers "across the country, to surgeons, including a particular surgeon in Louisiana, and certain of [its] established doctor and hospital customers"); *accord Infection Prevention Tech., LLC v. UVAS, LLC*, 2011 WL 4360007 at *22 (E.D. Mich.

4

July 25, 2011) (dismissing a false advertising claim because plaintiff failed "to plead the relevant

market," including "how many consumers in the relevant purchasing public" were contacted).

The Court concludes that the Amended Complaint failed to allege that the Millennium

Billing Letter was sufficiently disseminated to the relevant purchasing public.  It is difficult to

discern whether Ameritox has alleged that the relevant purchasing public is healthcare providers,

patients, or both.  Furthermore, Ameritox failed to allege sufficient dissemination because

Ameritox does not allege how many consumers in the relevant purchasing public Millennium

contacted.  Ameritox alleges only that "Millennium's services are offered, advertised, and sold to

customers throughout the country."  (Doc. No. 15, ¶ 54).

> **2.    Whether Ameritox Sufficiently Alleged How the Millennium Billing Letter Misleads Consumer-Physicians?**

Second, Millennium argues that Ameritox failed to allege how the Billing Letter misleads

consumer-physicians.  (Doc. No. 20 at 9).  Ameritox responds that the Amended Complaint

sufficiently alleges both how the Billing Letter misled consumer-physicians and consumer-

Medicare patients.  (Doc. No. 22 at 10).  A false advertising claim under the Lanham Act must

allege that "the advertisements of the opposing party are false or misleading."  *Third Party

Verification*, 492 F. Supp. 2d at 1324.  Here, Ameritox alleged that the Billing Letter informs

patients that they are not responsible for co-pay or deductible charges, and this is misleading

because Medicare patients "by law, are not subject to any deductible or co-payments for clinical

laboratory services."  (Doc. No. 15, ¶¶ 31–32).  Reading the Amended Complaint in the light

most favorable to Ameritox, the Court concludes that Ameritox has sufficiently pled that the

Billing Letter is misleading.

### 3. Whether Ameritox Sufficiently Alleged that the Millennium Billing Letter Deceived or Was Likely to Deceive Consumers?

Third, Millennium argues that Ameritox failed to allege that the Billing Letter deceived or was likely to deceive consumers.  (Doc. No. 20 at 9–10).  A false advertising claim under the Lanham Act must allege that "advertisements actually deceived customers or had the tendency to deceive a substantial portion of the targeted audience."  *Third Party Verification*, 492 F. Supp. 2d at 1324.  Although Ameritox alleged that "Millennium's statements are . . . likely to deceive a substantial portion of the targeted customers" (Doc. No. 15, ¶ 51), this recital of one element of the cause of action is a "'naked assertion[],' devoid of 'further factual enhancement,'" and it cannot survive a motion to dismiss.  *Iqbal*, 129 S. Ct at 1949 (quoting *Twombly*, 550 U.S. at 557).  Thus, the Court concludes that Count I must be dismissed because Ameritox failed to plausibly plead the likelihood-to-deceive element of its false advertising claim.

### 4. Whether Ameritox Sufficiently Alleged that the Millennium Billing Letter had a Material Effect on Customers' Purchasing Decisions?

Fourth, Millennium argues that Ameritox failed to allege that the Billing Letter had a material effect on customers' purchasing decisions.  (Doc. No. 20 at 9–10).  A false advertising claim under the Lanham Act must allege that "the deception is material, meaning it is likely to influence purchasing decisions."  *Third Party Verification*, 492 F. Supp. 2d at 1324.  Here, Ameritox alleged that "Millennium's false or misleading statements have already, and will continue to, influence materially purchasing decisions to the extent that customers choose Millennium's services instead of those offered by Ameritox."  (Doc. No. 15, ¶ 53).  Although the Court must assume all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949, Ameritox's allegation provides nothing more than a legal conclusion.  Therefore, Count I must be dismissed because

6

Ameritox failed to allege sufficient facts to support the material-deception element of its false advertising claim.

The Court recognizes that Ameritox bases its Lanham Act claim on advertisements other than the Billing Letter, to include Millennium's "representations that certain benefits Millennium provides to its healthcare customers at below fair market value were in compliance with federal and state laws" and "claims that physician customers who choose laboratories for confirmatory testing other than Millennium are missing out on opportunities to increase their revenue." (Doc. No. 15, ¶ 52). However, these allegations, like the allegations based on the Billing Letter, fail to state a plausible claim because the Ameritox never alleges to whom the statements were made, the breadth of their dissemination, how the statements were false or misleading, and how the advertisements deceived or tended to deceive a substantial portion of customers. Accordingly, the Court concludes that Count I of Ameritox's Complaint must be dismissed without prejudice.

### B.      Count IV: Common Law Unfair Competition

Millennium argues the Court should dismiss Count IV of Ameritox's Amended Complaint for the same reasons that Count I should be dismissed. Millennium contends that Ameritox's claim for common law unfair competition necessarily fails because Ameritox failed to state "'an unfair competition claim under the Lanham Act under the theory of false advertising.'" (Doc. No. 20 at 13 (quoting *Natural Answers, Inc. v. SmithKline Beecham Corp.*, 529 F.3d 1325, 1333 (11th Cir. 2008)).

Under Florida common law, unfair competition is an "'umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters.'" *Third Party Verification*, 492 F. Supp. 2d at 1325

7

(quoting *Am. Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 14 (5th Cir.1974)).  For

example, a party may claim unfair competition under a variety of theories, including trademark

infringement, *Monsanto Co. v. Campuzano*, 206 F. Supp. 2d 1252, 1267 (S.D. Fla. 2002), and

tortious interference with business relations, *Mfg. Research Corp. v. Greenlee Tool Co.*, 693

F.2d 1037, 1040 (11th Cir. 1982).  Therefore, there is no single set of "elements that apply

uniformly to all claims of unfair competition."  *See Alphamed Pharm. Corp. v. Arriva Pharm.,

Inc.*, 432 F. Supp. 2d 1319, 1353 (S.D. Fla. 2006).

Accordingly, courts have applied elements from other established claims to unfair

competition claims, where appropriate, on a case-by-case basis.  *See Planetary Motion, Inc. v.

Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (using the elements of a federal

trademark infringement claim to a evaluate the sufficiency of an unfair competition claim based

on trademark infringement); *Investacorp, Inc. v. Arabian Inv. Banking Corp. (Investcorp) E.C.*,

931 F.2d 1519, 1521 (11th Cir. 1991) (same); *Mfg. Research Corp.*, 693 F.2d at 1040 (applying

the elements of a claim for tortious interference to a claim for unfair competition based on

tortious interference); *Alphamed*, 432 F. Supp. 2d at 1354 (same).

In its Amended Complaint, Ameritox alleges that "Millennium has made false or

misleading statements in commercial advertisements that constitute unfair competition in

violation of Florida law." (Doc. No. 15, ¶ 78).  Because Ameritox bases its common law unfair

competition claim on the theory of false advertising, the Court has evaluated Ameritox's

common law unfair competition through the lens of the Lanham Act, and based on the Court's

conclusion above that Ameritox failed to state a plausible claim under the Lanham Act, its unfair

competition claim is likewise insufficiently pled.  Therefore, Count IV of Ameritox's Amended

Complaint must also be dismissed without prejudice.

### III.    Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Millennium's Motion to Dismiss

(Doc. No. 20) is **GRANTED**, and Counts I and IV of Ameritox's Amended Complaint are

**DISMISSED without prejudice**.  If Ameritox intends to amend its complaint as to Counts I and

IV, it is directed to do so on or before January 23, 2012.

DONE AND ORDERED at Tampa, Florida, this 6th day of January, 2012.


SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

9