UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERITOX, LTD.,

    Plaintiff,

v.                                                        Case No. 8:11-cv-775-T-24-TBM

MILLENNIUM LABORATORIES, INC.,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant Millennium Laboratories, Inc.'s ("Millennium") Motion to Stay Discovery (Doc. No. 103), which Plaintiff Ameritox LTD ("Ameritox") opposes (Doc. No. 106). Millennium requests that the Court stay discovery until the Court rules on Millennium's Motion to Dismiss Counts I, VI, and VII of the Third Amended Complaint (Doc. No. 101), and its forthcoming motion for partial summary judgment.

On April 8, 2011, Ameritox sued Millennium in this Court, alleging violations of the Lanham Act, 15 U.S.C. § 1125(a) *et seq.*, violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*, and common law unfair competition, in relation to Millennium's urine drug testing and medication monitoring business. (Doc. No. 1). Ameritox amended its complaint once. Millennium sought partial dismissal of that amended complaint, and on January 6, 2012, the Court dismissed Counts I and IV of the amended complaint without prejudice. (Doc. No. 62). Ameritox filed its second amended complaint on January 23, 2012. (Doc. No. 66).

On March 7, 2012, Ameritox moved to consolidate this case with a second case that had

recently been transferred to the Middle District of Florida from the Southern District of California, in which Ameritox sued Millennium raising similar factual allegations and causes of action. (Doc. No. 82). The Court granted that motion on March 28, 2012, consolidating the cases, denying certain pending motions without prejudice, and directing Ameritox "to file one final amended complaint, which includes all counts and allegations it intends to raise in this matter." (Doc. No. 89).

On April 9, 2012, Ameritox filed its Third Amended Complaint. (Doc. No. 92). In it, Ameritox brings seven counts against Millennium, ranging from violations of the Lanham Act, to statutory claims under Florida, California, and New Hampshire law, to common law unfair competition. Furthermore, Ameritox has expanded the scope of its allegations to encompass conduct in Arizona, Florida, California, New Hampshire, Tennessee, and Texas.

Millennium has moved to dismiss Counts I, VI, and VII of Ameritox's Third Amended Complaint, which allege False Advertising in Violation of the Lanham Act, Common Law Unfair Competition (Tortious Interference), and Common Law Unfair Competition, respectively. (Doc. No. 101). Additionally, Millennium represents that it intends to file a motion for summary judgment in the coming days. (Doc. No. 103 at 2, n.2). In the instant motion, Millennium argues that with its third amended complaint, Ameritox is seeking to expand discovery nationwide — imposing burdensome and costly demands on Millennium; however, Ameritox's complaint is legally flawed and replete with pleading and evidentiary deficiencies. Because, Millennium contends, "Ameritox's purported claims are likely to be dismissed or narrowed considerably" by the Court's resolution of Millennium's motions to dismiss and for summary judgment, Ameritox's "discovery is completely unnecessary and should be stayed" during the

pendency of Millennium's dispositive motions.

Ameritox responds that Millennium has failed to meet its burden of demonstrating good cause and reasonableness to justify a stay of discovery. Ameritox contends that Millennium has not complied with its most basic discovery obligations and that this motion is an attempt to stop Ameritox from receiving necessary and court-ordered discovery. Ameritox argues the Court should deny Millennium's motion to stay because (1) Millennium should not be able to rely on a summary judgment motion that has not been filed and that the Court cannot evaluate; (2) Ameritox's Third Amended Complaint sufficiently states claims under the Lanham Act and common law unfair competition, and therefore, Millennium's motion to dismiss will likely be denied; (3) Ameritox's Second Amended Complaint broadened the scope of this case to require nationwide discovery, and Millennium has already conducted its own nationwide discovery; and (4) Ameritox would face prejudice and undue hardship if discovery were stayed.

Matters pertaining to discovery are committed to the discretion of the Court. See Patterson v. U.S. Postal Serv., 901 F.2d 927, 929 (11th Cir. 1990) (per curiam). In certain situations, courts may exercise their discretion to stay discovery during the pendency of facial challenges to the legal substance of claims, especially when the challenged claim has the potential to enlarge the scope and cost of discovery greatly. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1292 (11th Cir. 2005). The party requesting a stay bears the burden of showing good cause and reasonableness. McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the

likely costs and burdens of proceeding with discovery." Id. (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

Upon review, the Court finds that Millennium's motion to stay discovery should be granted in part and denied in part. A preliminary review of the motion to dismiss reveals that Millennium may have raised meritorious challenges to Ameritox's Third Amended Complaint. Given the degree to which the amended complaint will expand the scope and expense of discovery, the Court concludes that Millennium has shown good cause for entry of an order staying discovery until the Court has decided its motion to dismiss. However, because Millennium has not yet filed its motion for summary judgment, the Court denies Millennium's motion with respect to the pendency of its motion for summary judgment.

Accordingly, it is ORDERED AND ADJUDGED that Millennium's Motion to Stay Discovery (Doc. No. 103) is **GRANTED** to the extent that discovery is stayed until the Court rules on Millennium's motion to dismiss. Otherwise, the motion to stay is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of May, 2012.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record