UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERITOX, LTD.,

    Plaintiffs,

v.                                            Case No.  8:11-cv-775-T-24-TBM

MILLENNIUM LABORATORIES, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Ameritox's motion to preclude Millennium from filing a second summary judgment motion. (Doc. No. 320). Millennium opposes the motion. (Doc. No. 326). As explained below, the motion is denied.

The parties have engaged in voluminous filings in this case, and currently pending before the Court is Ameritox's third amended complaint (Doc. No. 92) and Millennium's counterclaims (Doc. No. 133). The initial scheduling order in this case was filed on July 15, 2011, and the scheduling order stated: "A party's claims or defenses for which summary judgment is sought shall be presented in a single motion, and legal memorandum. Multiple motions for summary judgment will not be permitted." (Doc. No. 23). Despite this warning, Millennium filed an early motion for summary judgment on May 25, 2012 regarding Counts II, III, IV and V of Ameritox's third amended complaint. (Doc. No. S-2). The Court denied the motion on August 1, 2012. (Doc. No. 128).

Thereafter, the parties engaged in numerous discovery disputes, which led to the Court extending the deadlines in this case twice based on the parties' joint requests. (Doc. No. 165, 168, 236, 246). With regards to the second request for extension, the parties jointly agreed that

the deadlines, including the dispositive motion deadline, should be extended, stating: "[T]he current dispositive motion deadline would require the parties to finalize motions during the December and New Year's holidays." (Doc. No. 236). Thus, both parties appeared to be under the belief that they would both be filing dispositive motions, despite Millennium's earlier filed summary judgment motion. The Court extended the deadlines, including the dispositive motion deadline, and issued a scheduling order that reflected the dates that the parties telephonically informed the Court they agreed to. A second amended scheduling order was entered on October 15, 2013, stating for a third time that "a party's claims or defenses for which summary judgment is sought <u>shall</u> be presented in a <u>single</u> motion, and legal memorandum. Multiple motions for summary judgment will not be permitted.." (Doc. No. 246). However, Millennium incredulously states: "At no time did Millennium or its counsel understand that by filing a motion for partial summary judgment as part of an initial challenge to the TAC, they might be precluded from seeking summary judgment at the close of fact discovery." (Doc. No. 326).

      With ten days remaining before the dispositive motion deadline, Ameritox now moves to preclude Millennium from filing a second summary judgment motion. Ameritox is correct that under the Court's summary judgment procedures in its scheduling orders, Millennium is not entitled to file a second summary judgment motion, due to Millennium's strategic decision to file an early summary judgment motion. Counsel for Millennium complains that in a telephone conference with the Court's law clerk and opposing counsel in October, 2013 neither communicated to him or anyone at Millennium that Millennium would not be entitled to file a second summary judgment motion, and perhaps counsel is correct that the Court should have reminded Millennium at that time that Millennium had previously filed a motion for summary

judgment.

This case has been lengthy and contentious, and the filings have been voluminous. Millennium's motion for partial summary judgment was filed long before the discovery deadline. In the interest of fairness, and due to the specific procedural history in this case, the Court will make an exception and allow Millennium to file a second motion for summary judgment. To begin with, Millennium agreed to the extension of other deadlines, in part, due to its desire to have the dispositive motion deadline extended so it could file a dispositive motion after the close of discovery. The parties acted in a way that implied that both parties believed that Millennium would be filing a post-discovery summary judgment motion. Given their, albeit mistaken, belief that Millennium could do so, Millennium agreed to certain other deadline extensions, which this Court granted.

While it is unfair to give Millennium two bites at the summary judgment apple, it would also be unfair to deny Millennium the benefit that it sought and the Court granted when the Court extended the deadlines in this case. Therefore, the Court will allow Millennium to file a post-discovery summary judgment motion, but Millennium may not seek summary judgment with respect to Counts II, III, IV, and V of Ameritox's third amended complaint (on which it previously sought summary judgment).

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Ameritox's motion to preclude Millennium from filing a second summary judgment motion (Doc. No. 320) is **DENIED**.

(2) Millennium may file one motion for summary judgment, not to exceed 25 pages, by January 16, 2014. This motion may not seek summary judgment with respect


to Counts II, III, IV, and V of Ameritox's third amended complaint.

**DONE AND ORDERED** at Tampa, Florida, this ___ day of January, 2014.

Copies to:
Counsel of Record

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge