UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERITOX, LTD.,

    Plaintiff,

v.   Case No.: 8:11-cv-775-T-24-TBM

MILLENNIUM LABORATORIES, INC.,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Millennium's Motion for Partial Reconsideration (Doc. No. 404), which relates to this Court's April 14, 2014 summary judgment order (Doc. No. 398). Ameritox has filed a response thereto. (Doc. No. 413). As explained below, the motion is denied.

Ameritox and Millennium are clinical laboratories that screen urine specimens for the presence of drugs. They are competitors in the industry and have been engaged in extensive litigation for several years. At issue in Millennium's motion for reconsideration is this Court's conclusion regarding Millennium's summary judgment arguments about Ameritox's Lanham Act false advertising claim, as well as Ameritox's tortious interference and unfair competition claims. In its motion for reconsideration, Millennium explains that it moved for summary judgment on these claims to the extent that these claims were based on Millennium representing that, prior to April 1, 2010, it was proper for doctors to bill multiple times for each drug class tested in a single urine testing device (by billing multiple units of CMS code 80101QW).

In response, Ameritox clarifies that its Lanham Act false advertising claim is not based

on this representation.[1] Therefore, Millennium is not entitled to summary judgment on Ameritox's Lanham Act false advertising claim, because it is not based on this representation.

Furthermore, Ameritox clarifies that its tortious interference and unfair competition claims are not based on this representation; instead, these claims are based on Millennium's alleged conduct regarding its revenue generating scheme to induce physician referrals. As part of this scheme, Millennium allegedly taught doctors how to maximize their profits by exploiting POC testing reimbursements. Millennium encouraged physicians to test patients as frequently as possible, not because of medical necessity, but as a revenue generating process. Thus, Ameritox takes issue with Millennium's encouragement of doctors to run unnecessary tests solely to generate revenue. This is completely different than the theory on which Millennium sought summary judgment. As such, Millennium is not entitled to summary judgment on Ameritox's tortious interference and unfair competition claims.

Accordingly, it is ORDERED AND ADJUDGED that Millennium's Motion for Partial Reconsideration (Doc. No. 404) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 30th day of April, 2014.

Copies to: All parties and Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

---

[1]In fact, Ameritox clarified that its Lanham Act false advertising claim is not based on any of the following Improper Billing Representations, which consist of the billing manual, the gross revenue chart, and the encouragement regarding billing modifiers.