UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERITOX, LTD.,

    Plaintiff,

v.                                                        Case No.: 8:11-cv-775-T-24-TBM

MILLENNIUM LABORATORIES, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Millennium Laboratories, Inc.'s Motion for Summary Judgment (Doc. No. 328), which Ameritox, Ltd. opposes (Doc. No. S-366). The Court issued an order denying in part, granting in part, and deferring in part this motion. (Doc. No. 398). To the extent that the Court deferred ruling, the Court heard oral argument on May 2, 2014. As explained below, to the extent that the Court deferred ruling, the motion is granted in part and denied in part.

**I.  Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own

affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id. (citation omitted).

**II.  Background**

Ameritox and Millennium are clinical laboratories that screen urine specimens for the presence of drugs. They are competitors in the industry and have been engaged in extensive litigation for several years. Currently, Ameritox has seven claims pending against Millennium, including Lanham Act - false advertising (Count I), common law tortious interference with business relationships in Arizona, Florida, California, New Hampshire, Tennessee, and Texas (Count VI), and common law unfair competition in Arizona, Florida, New Hampshire, and Texas (Count VII). (Doc. No. 92).

**III.  Motion for Summary Judgment**

Millennium moves for summary judgment on Ameritox's Lanham Act, tortious interference, and unfair competition claims. In support of its motion, Millennium makes the following arguments: (1) Ameritox's attempt to obtain Lanham Act damages or disgorgement fails; (2) Ameritox's tortious interference and unfair competition claims fail to the extent that they are based on a violation of the AKS and/or Stark Law; (3) Ameritox's tortious interference and unfair competition claims fail because Ameritox cannot show that it was damaged by Millennium's conduct; and (4) disgorgement is not an appropriate remedy with respect to Ameritox's tortious interference and unfair competition claims. Accordingly, the Court will address each argument.

**A.  Lanham Act Damages and Disgorgement**

Millennium argues that Ameritox's attempt to obtain Lanham Act damages or

disgorgement fails because Ameritox cannot establish that the alleged false advertising caused an injury. The Court agrees.

In its prior summary judgment order (Doc. No. 398), the Court deferred ruling on whether Dr. Cantor's expert opinion provided sufficient evidence that Millennium's alleged false advertising caused Ameritox any injury. However, the Court has ruled, with respect to Millennium's motion to exclude Dr. Cantor's opinion, that Dr. Cantor's opinion cannot be used in connection with Ameritox's Lanham Act false advertising claim, because Dr. Cantor's opinions are based on Millennium's ***conduct*** rather than its ***representations***. (Doc. No. 448). To this extent, the Court grants Millennium's motion for summary judgment.

### B.  Tortious Interference and Unfair Competition Claims

Next, Millennium argues that Ameritox's tortious interference and unfair competition claims fail. Specifically, Millennium argues that to the extent that the Court finds its provision of free POCT cups not to be illegal under the Stark Law or AKS, such conduct cannot provide a basis for a tortious interference or unfair competition claim. The Court, however, has not made any findings that Millennium's provision of free POCT cups, as a matter of law, is not illegal under the Stark Law or AKS. Therefore, the Court rejects Millennium's argument on this issue.

Millennium also argues that Ameritox's tortious interference and unfair competition claims fail because Ameritox cannot show that it was damaged by the conduct. Millennium points out the lack of evidence directly from any doctors showing that they chose Millennium due to any of the challenged practices. The Court deferred ruling on this argument until the Court ruled on the admissibility of Dr. Cantor's opinion testimony, which the Court has determined to be admissible on this issue. The Court now concludes that Dr. Cantor's opinion

provides circumstantial evidence of causation to the extent that Ameritox's tortious interference and unfair competition claims are based on Millennium's revenue model, Millennium's provision of free POCT cups, and Millennium's arrangement for doctors of below-market value chemical analyzers. Therefore, the Court rejects Millennium's argument on this issue.

Finally, Millennium argues that even if disgorgement of profits is an available remedy when the plaintiff's lost profits are not readily ascertainable, disgorgement is not an appropriate remedy in this case, because Plaintiff has identified its lost profits through the expert opinion of Dr. Cantor. The Court deferred ruling on this argument until the Court ruled on the admissibility of Dr. Cantor's opinion. However, whether disgorgement is an appropriate remedy for these claims under various states' laws, and if so, under what circumstances, has not been fully briefed by the parties, so the Court declines to rule on this issue.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Millennium Laboratories, Inc.'s Motion for Summary Judgment (Doc. No. 328), to the extent that the Court deferred ruling, is **GRANTED IN PART and DENIED IN PART**: The motion is granted to the extent that the Court concludes that Ameritox's attempt to obtain Lanham Act damages or disgorgement fails; otherwise, the motion is denied.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of May, 2014.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: All parties and Counsel of Record