UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERITOX, LTD.,

    Plaintiff,

v.                                                                                    Case No.: 8:11-cv-775-T-24-TBM

MILLENNIUM LABORATORIES, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on two motions: (1) Millennium's motion to stay enforcement of costs or to amend the magistrate judge's cost determination (Doc. No. 696), which Ameritox opposes (Doc. No. 700); and (2) Millennium's Motion for a Temporary Stay (Doc. No. 697), which Ameritox opposes (Doc. No. 702). Accordingly, the Court will address each motion.

**I. Background**

Ameritox and Millennium are clinical laboratories that screen urine specimens for the presence of drugs. They are competitors in the industry and have been engaged in extensive litigation for several years.

Ameritox asserted six claims against Millennium that went to trial:[1] (1) violation of

---

[1] Millennium asserted five counterclaims against Ameritox that also went to trial: (1) violation of Florida's Deceptive and Unfair Trade Practices Act (Count I); (2) violation of California's Unfair Competition Law (Count II); (3) violation of New York's Consumer Protection from Deceptive Acts and Practices Law (Count V); (4) common law unfair competition in Florida, Texas and Washington (Count VI); and (5) common law tortious interference with business relationships in Florida, California, New York, Tennessee, Texas, Washington, and Oregon (Count VII). During the trial, Millennium withdrew its request for damages for these claims and only sought injunctive relief. The jury found in favor of Ameritox on all of Millennium's counterclaims. (Doc. No. 620).

Florida's Deceptive and Unfair Trade Practices Act (Counts II and III), (2) unfair competition under California law (Count IV), (3) violation of the New Hampshire Consumer Protection Act (Count V), (4) common law tortious interference with business relationships in Arizona, Florida, California, New Hampshire, Tennessee, and Texas (Count VI), and (5) common law unfair competition in Arizona, Florida, New Hampshire, and Texas (Count VII).[2] (Doc. No. 429). The jury found in favor of Ameritox on the following claims: (1) common law tortious interference with business relationships in Florida, Tennessee, and Texas (Count VI), and (2) common law unfair competition in Florida and Texas (Count VII). (Doc. No. 620). The jury or the Court found in favor of Millennium on all of Ameritox's other claims, including the claims of common law tortious interference with business relationships in Arizona, California, and New Hampshire, as well as the claims of common law unfair competition in Arizona and New Hampshire.[3] (Doc. No. 620, 667).

Ameritox's unfair competition and tortious interference claims were based, in a large part, on the theory that Millennium unlawfully obtained referrals through: (1) the provision of free POCT cups under cup agreements, (2) the facilitation of below-market-value prices for chemical analyzers and supplies from third-parties, and (3) the provision of free billing advice. The jury rejected Ameritox's contention that Millennium engaged in unfair competition and

---

[2]The parties entered into a consent order resolving Ameritox's Lanham Act claim (Count I) prior to trial. (Doc. No. 561).

[3]The Court found in favor of Millennium on Count II (Ameritox's claim for injunctive relief under Florida's Deceptive and Unfair Trade Practices Act) and Count IV (Ameritox's claim under the California Business and Professions Code). (Doc. No. 667). Both of these claims sought injunctive relief, and as such, these claims were not specifically considered by the jury.

tortious interference by facilitating below-market-value prices for chemical analyzers and supplies from third-parties and by providing free billing advice. (Doc. No. 620). The jury found in favor of Ameritox on Ameritox's contention that Millennium violated the Anti-Kickback Statute ("AKS") and Stark Law by providing free POCT cups under cup agreements in exchange for referrals. (Doc. No. 620).

At trial, Ameritox presented evidence that Millennium created its free cup program as a means by which it could provide something of value to its customers in order to induce referrals. The free cup program consisted of Millennium entering into cup agreements with customers, under which Millennium provided the customers with free POCT cups that the doctors used to collect urine specimens and that had to be returned to Millennium for confirmatory testing. Pursuant to the terms of the cup agreements, the doctors had to agree not to bill patients for the immediate POC testing results that the free POCT cups provided.

The jury rejected Millennium's argument that the free POCT cups were not an improper inducement for referrals. Instead, the jury credited the evidence that Ameritox presented that many of the doctors with cup agreements could not bill for the POC testing,[4] so those doctors were not giving up anything in exchange for the free POCT cups. Ameritox showed, and the jury accepted, that Millennium's provision of free POCT cups was simply an improper way to induce referrals, as it was a violation of the AKS and Stark Law. As a result, the jury found that such conduct amounted to unfair competition and tortious interference in Florida, Tennessee, and Texas, and the jury awarded Ameritox $2,755,000 in compensatory damages. (Doc. No. 620).

---

[4]There were various reasons why a doctor could not bill for the POC testing, such as the doctor also tested the urine sample using a chemical analyzer or the patient's insurance would not cover POC testing.

The jury also awarded Ameritox $12,000,000 in punitive damages for these claims, which the Court reduced to $8,505,000. (Doc. No. 620, 684).

Thereafter, Ameritox filed a motion and proposed Bill of Costs, in which it sought an award of $1,043,744.28 in costs. (Doc. No. 663, 664). The Magistrate Judge considered Ameritox's motion for costs and Millennium's response, and the Magistrate Judge issued an Order in which he determined that Ameritox should be awarded $239,922.64 in costs. (Doc. No. 693).

## II. Motion to Stay Enforcement of or to Amend the Cost Determination

In response to the Magistrate Judge's order, Millennium filed the instant motion for alternative relief. Specifically, Millennium asks that the Court either: (1) stay enforcement of the Magistrate Judge's order pending a resolution of the appeal; or (2) amend the Magistrate Judge's order regarding the amount of costs to be awarded. As explained below, the Court denies both requests for relief.

### A. Enforcement of Costs

Millennium first requests that the Court stay enforcement of the Magistrate Judge's order pending a resolution of the appeal in this case, because if Millennium is successful and obtains a reversal, the costs motion would be mooted. This Court has discretion to stay the taxation of costs pending an appeal. See King Cole Condominium Association, Inc. v. QBE Ins. Corp., 2010 WL 3212091, at *2 (S.D. Fla. Aug. 12, 2010). However, the Court declines to exercise such discretion in this case.

In making this determination, the Court has considered: (1) whether Millennium is likely to prevail on the merits of its appeal; (2) whether Millennium will suffer irreparable harm absent

a stay; (3) whether Ameritox will suffer substantial harm if the stay is issued; and (4) whether the stay is adverse to public interest. See Breedlove v. Hartford Life & Accident Ins. Co., 2013 WL 361825, at *1 (M.D. Fla. Jan. 30, 2013). The Court concludes that Millennium is not likely to prevail on appeal and has not shown that it will suffer irreparable harm absent a stay. As such, its request that enforcement of the costs order be stayed pending appeal is denied.

Next, Millennium argues that its prior supersedeas bond should be sufficient and it should not be required to post further bond, because it has the financial ability to cover a cost award. Ameritox opposes this request and asks that Millennium be required to post a bond to cover the cost award, because the prior bond only covers the damages award. The Court agrees that Millennium must post a bond to secure the cost award, and as such, the Court denies Millennium's request to not post further bond.

### B. Amount of Costs

Next, Millennium contends that this Court should amend the amount of costs awarded to Ameritox. Millennium makes several arguments in support of this contention, and the Court addresses each argument in turn.

#### 1. Magistrate Judge's Authority

First, Millennium argues that a magistrate judge does not have the authority to rule on a post-trial motion for costs, as 28 U.S.C. § 636 only allows a magistrate judge to rule on pretrial matters. Even if the Court accepts Millennium's argument that a magistrate judge does not have the authority to issue a final order on a motion for costs (absent the parties' consent), the Court concludes that the Magistrate Judge in this case had the authority to issue a Report and Recommendation on the amount of costs to be awarded. See Fharmacy Records v. Nassar, 465

Fed. Appx. 448, 455 (6th Cir. 2012)(stating that a magistrate judge has the authority to issue a Report and Recommendation regarding post-trial matters of attorneys' fees and costs, pursuant to § 636(b)(3)'s additional duties provision).

Accordingly, this Court will deem the Magistrate Judge's order on costs to be a Report and Recommendation, to which Millennium has filed an objection. The Court has conducted a de novo review of those portions of the Magistrate Judge's order to which Millennium has objected, and as such, there can be no prejudice to Millennium by the Court's referral of the motion to tax costs to the Magistrate Judge.

### 2. Specific Objections

Millennium argues that the Magistrate Judge erred in his award of $156,919.24 in costs related to copies of electronic discovery (for which Ameritox sought $753,718.32). Specifically, Millennium argues that no electronic discovery costs should be awarded in this case, or alternatively, the maximum amount awarded for such costs should be $15,914.70. The Court has reviewed the underlying motion for costs and the response, as well as the Magistrate Judge's order, Millennium's objection, Ameritox's response, and the relevant case law, and the Court concludes that the Magistrate Judge's recommendation of an award of $156,919.24 in costs related to copies of electronic discovery should be adopted. Accordingly, the Court overrules Millennium's objection on this issue.

Next, Millennium argues that the Magistrate Judge erred by not reducing the overall cost award based on Ameritox's limited overall success in this case. The Court rejects this argument. While Ameritox did not win on every claim and theory of unfair competitive conduct in every state at issue, the jury returned an actual damages award of $2,755,000 and a punitive damages

award of $12,000,000 (which the Court reduced to $8,505,000). In addition, the jury found for Ameritox on its claims that the provision of free POCT cups violated the AKS and Stark Law. To say that Ameritox obtained limited overall success is not accurate, and the Court concludes that this requested reduction in costs must be denied. Accordingly, the Court adopts the Magistrate Judge's order on costs (Doc. No. 693) in its entirety.

### III.  Motion for a Temporary Stay

Finally, Millennium moves for a 14-day temporary stay of this Order on costs so that it has sufficient time to post a supersedeas bond. Ameritox responds that a 14-day stay is unnecessary, and any stay should be limited to five days. The Court finds that Millennium's 14-day stay request will not harm Ameritox, and as such, the Court grants Millennium's motion on this issue.

### IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Millennium's motion to stay enforcement of costs or to amend the Magistrate Judge's cost determination (Doc. No. 696) is **DENIED**.

(2)   The Magistrate Judge's Order on costs (Doc. No. 693) is adopted and incorporated by reference in this Order of the Court

(3)   Millennium's Motion for a Temporary Stay (Doc. No. 697) is **GRANTED**, and Millennium must post a supersedeas bond for the costs award within 14 days of this Order.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of March, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All parties and Counsel of Record
The Honorable Thomas B. McCoun III